Anthony O. Egbase (SBN 181721)
Onyinye Anyama (SBN 262152)
Law Offices of Anthony O. Egbase & Associates
The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071
Telephone (213) 620-7070 Facsimile (213) 620-7070
Email: info@anthonyegbaselaw.com

Attorney for Debtor: Ramon Vega

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>RAMON VEGA<br><br>              Debtor | Chapter 13<br><br>Case No. 8:09-BK-22394-RK<br><br>**DEBTOR'S BRIEF IN SUPPORT OF MOTION TO RECONSIDER THE ORDER GRANTING DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: September 28, 2010<br>Time: 3:00 p.m<br>Crtrm: 5D |

TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, AND THEIR ATTORNEYS OF RECORD, AND THE CHAPTER 13 TRUSTEE:

    Debtor, by his attorneys hereby brings this brief in support of Debtor's Motion to reconsider the Order granting Deutsche Bank National Trust Company's Motion for relief from the automatic stay as follows:

-1-

## FACTS

A motion for relief from the Automatic Stay on Debtor's residence was filed on July 15, 2010 in which Creditor, Deutsche Bank alleged that debtor was delinquent four post-petition payments and calculated the monthly mortgage payment as $2,320.91.

Debtor received a loan modification package from Deutsche Bank National Trust Company in October 2009 and under the modification package, Debtor is required to make a monthly mortgage payment of only $1,252.40 during the trial period and if the debtor complies with these payments, a final loan modification package will be sent to the Debtor.

Since the filing of the Debtor's Chapter 13 Bankruptcy, Debtor has been current on all post-petition payments based on the modification package received from Creditor, Deutsche Bank National Trust Company and is therefore current on all post petition payments to the Creditor.

Counsel for Deutsche Bank has indicated that a letter denying the loan modification was sent to the Debtor on or about July 22, 2010. However Debtor is still not in receipt of the said letter of denial and has continued to make his mortgage payments.

Therefore, the Order granting motion for relief from the Automatic Stay should be vacated and the automatic stay reinstated.

## ARGUMENT

### 1

### THERE IS A MODIFICATION AGREEMENT (TRIAL PERIOD) BETWEEN CREDITOR AND DEBTOR AND PAYMENTS UNDER THIS AGREEMENT IS BINDING ON BOTH PARTIES UNTIL A FINAL MODIFICATION AGREEMENT IS RECEIVED OR A LETTER OF DENIAL

Debtor received a loan modification Trial Period Plan from Creditor, IndyMac Mortgage Services fka Deutsche Bank National Trust Company dated October 13, 2009(See Exhibit "A"). Under this agreement, Debtor is required to make monthly mortgage payments starting

November 1, 2009 in the amount of $1,252.40. After the trial period, Creditor is supposed to send a final loan modification package to the lender or, if the Debtor does not qualify for the loan modification, Creditor is to send a letter denying the loan modification and reverting debtor's monthly mortgage payment to the original amount.

In the instant case, Debtor has still not received the final loan modification documents or a letter of denial and has been making all payments as required. Therefore Debtor is current on all post petition payments and Creditor, Deutsche Bank National Trust Company is bound by the terms of its own agreement with the Debtor.

## II

## DEBTOR'S CHAPTER 13 PLAN AND SCHEDULES WHICH WERE PROPERLY SERVED ON CREDITOR INDICATES THAT THE MONTHLY MORTGAGE PAYMENT IS $1,252.40 AND CREDITOR FAILED TO FILE AN OBJECTION TO THE CONFIRMATION OF THE CHAPTER 13 PLAN

Debtor's Schedule J schedules the monthly mortgage payments as $1,252.40(See Exhibit "B") and Creditor was duly served with Debtor's Chapter 13 plan and Schedules and they never objected to the amount scheduled by Debtor. Debtor's Chapter 13 plan was confirmed on March 10, 2010 based on the schedules filed by the Debtor.

Deutsche Bank National Trust Company now Indymac Mortgage Services was properly served with the notice of the 341(a) meeting of creditors and a copy of the debtor's Chapter 13 plan and Debtor's schedules. **(See Exhibit "C")** The said plan clearly states that all objections to the confirmation of the chapter 13 plan must be filed not less than 7 days before the date set for the meeting of creditors. Deutsche Bank National Trust Company, as creditors of the debtor and in receipt of the plan and schedules ignored it and never filed an objection to confirmation. Not even a late objection was received.

Creditor's action or inaction by not objecting to the confirmation of the Chapter 13 plan must be construed as acceptance of the terms of the Chapter 13 Plan and schedules which includes the monthly mortgage payment to creditor of $1,252.40.

A secured creditor who fails to object to confirmation of a plan with unequal payments is bound by the plan. *See B-Real, LLC v. Melillo(In re Melillo), 392 B.R. 1(B.A.P. 1st cir. 2008); Re: Tonioli, 359 B.R. 814 (Bankr. D. Utah 2007).*

11 U.S.C.§ 1327 clearly states the binding and res judicata effect of the Order of Confirmation of a Chapter 13 plan as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, ***whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.***

(b) Except as otherwise provided in the plan or the order confirming the plan, ***the confirmation of a plan vests all of the property of the estate in the debtor.***

(c) Except as otherwise provided in the plan or in the order confirming the plan, ***the property vesting in the debtor under subsection (b) is free and clear of any claim or interest of any creditor provided for by the plan.***

### III

### EVEN IF ARGUENDO, A DENIAL LETTER WAS MAILED OUT TO THE DEBTOR ON OR ABOUT JULY 22, 2010, DEBTOR WOULD STILL BE CURRENT ON ALL POST PETITION PAYMENTS AS AT THE FILING OF THIS MOTION FOR RELIEF FROM AUTOMATIC STAY.

The fact that there is a loan modification (trial period) agreement is not an issue but the only issue here is the fact that Creditor is alleging that the loan modification was denied on or about July 22, 2010.

Creditor in the instant case is alleging that a letter denying the loan modification offered to the debtor was sent out on or about July 22, 2010. Debtor has still not received any notice of

denial from the Creditor. Creditor, Deutsche Bank National Trust Company filed the present Motion for relief from the Automatic Stay on July 15, 2010.

Debtor contends that even if the Creditor actually did send out the denial letter to the debtor and the debtor did receive it, Debtor would still be current as at the time the Motion for relief was filed since the denial letter was mailed out seven (7) days after the Motion was filed. Therefore there would be no basis for the filing of the Motion for relief from the Automatic stay in the first place.

## CONCLUSION

Based on the foregoing, Debtor humbly requests that the Order granting Creditor, Deutsche Bank National Trust Company's Motion for Relief from the Automatic stay be modified and the Court enter an Order denying the Motion.

Dated: September 14, 2010                    Law Offices of Anthony O. Egbase & Associates

*/s/ Onyinye N. Anyama*

Onyinye N. Anyama

(Attorney for Debtor: Ramon Vega)

| In re: | | CHAPTER: **13** |
|---|---|---|
| **Ramon Vega** | Debtor(s). | CASE NUMBER: **8:09-bk-22394** |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

350 S. Figueroa Street, Suite 189, Los Angeles, CA 90071
A true and correct copy of the foregoing document described as   **DEBTOR'S BRIEF IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING MOTION FRO RELIEF FROM THE AUTOMATIC STAY**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/14/10**    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **9/14/10**    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Arturo E. matthews, Jr
Burnett & Matthews LLP
4675 MacArthur Court, Suite 1540
Newport Beach, CA 92660

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **9/14/10** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Fax: (949) 975-1988
Burnett & Matthews, LLP

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/14/10 | **Victor Hernandez** | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F 9013-3.1
Best Case Bankruptcy